FILED
2011 Sep-28  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| NORTH ALABAMA<br>ELECTRIC COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-S-3252-NE |
| | ) | |
| TENNESSEE VALLEY<br>AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on three motions filed by defendant, Tennessee

Valley Authority:  (1) motion to substitute party;[1] (2) motion to dismiss plaintiff's

claim for punitive damages;[2] and (3) motion to strike plaintiff's jury demand.[3]

## I.  BACKGROUND

Plaintiff brings this action against the Tennessee Valley Authority ("TVA")

and Michael R. Ingram ("Ingram"), alleging fraud by both defendants, and breach of

contract by TVA.  TVA moves this court to dismiss Ingram from the action and

substitute TVA in his place.  If Ingram is dismissed, TVA would be the lone

---

[1] Doc. no. 7.

[2] Doc. no. 9.

[3] Doc. no. 9.

defendant remaining in the action.  Thus, TVA also moves the court to dismiss plaintiff's punitive damages claim and strike his jury demand, as TVA is not subject to jury trials or punitive damage awards.  Therefore, the court's ruling on the motion to substitute party will determine the outcome of the other motions.

## II.  MOTION TO SUBSTITUTE PARTY

### A.    Material Allegations

At this stage in the litigation, a thorough discussion of the facts would be premature.  However, the basic nature of plaintiff's complaint is relevant to the issues raised by TVA's motions.  In the first count of its complaint, plaintiff alleges breach of contract by only TVA and, thus, that claim is not at issue.[4]  In the second count, alleging fraud, plaintiff names both Ingram and TVA.[5]  Plaintiff alleges that Ingram, a "duly authorized agent and employee" of TVA,[6] while "acting in the line, scope and authority of his employment,"[7] communicated with plaintiff regarding plaintiff's application for federal grant money.[8]  In the course of those communications, Ingram allegedly misrepresented, on behalf of TVA, TVA's willingness to pay plaintiff $3

---

[4] Doc. no. 1 ¶ 14.

[5] *Id.* ¶ 16.

[6] *Id.* ¶¶ 9-10.

[7] *Id.* ¶ 16.

[8] *Id.* ¶¶ 9-10.

Million in exchange for plaintiff's cooperation in TVA's application for the funding.[9] Plaintiff alleges that Ingram and TVA never intended to pay that sum, and knowingly misled plaintiff in the negotiations.[10]   In support of its motion to substitute party, TVA submitted its certification that Ingram was acting within the line and scope of his employment by TVA.[11]   In opposition to the motion, plaintiff has proffered a letter in which a TVA vice president, Kenneth R. Breeden, states that Ingram did not have "authority to make such a commitment."[12]

**B.     Legal Standard**

Under 16 U.S.C. § 831c-2, employees of TVA are immune from suit arising from tortious actions committed within the scope of their employment.  Specifically,

> [a]n action against the Tennessee Valley Authority for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Tennessee Valley Authority while acting within the scope of this office or employment is exclusive of any other civil action or proceeding by reason of the same subject matter against the employee . . . whose act or omission gave rise to the claim. Any other civil action or proceeding arising out of or relating to the same subject matter against the employee . . . is precluded without regard to when the act or omission occurred.  *Id.* § 831c-2(a)(1).

The statute further provides that TVA is to be substituted for the defendant employee

---

[9] *Id.*

[10] *Id.* ¶ 16.

[11] Doc. no. 8-1.

[12] Doc. no. 12-1.

"[u]pon certification by the Tennessee Valley Authority that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." *Id.* § 831c-2(b)(2). The "certification of the Tennessee Valley Authority shall conclusively establish scope of office or employment . . . ." *Id.*

Another court in this district held that, despite § 831c-2's language that certification "shall conclusively establish scope of office or employment," *id.*, "certification by TVA does not preclude a judicial determination on whether the employee acted within the scope of his employment." *Hill v. TVA*, 842 F. Supp. 1413, 1417 (N.D. Ala. 1993) (citing *S. J. & W. Ranch v. Lehtinen*, 913 F.2d 1538 (11th Cir. 1990), *cert. denied.* 502 U.S. 813 (1991)).

The *Hill* court recited a three part test for the determination of scope of employment. *First*, TVA's certification that the employee was acting within the scope of his employment constitutes *prima facie* evidence of that fact, shifting the burden to the plaintiff. *Id. Second*, the plaintiff must provide evidence to overcome the presumption created by the certification. *Id. Third*, if the plaintiff does provide such evidence, the district court must determine, *de novo*, whether the employee was acting within the scope of his employment. *Id.* That determination is made according to the law of the state in which the incident occurred. *Id.*

4

Whether the alleged communications giving rise to this action occurred "in" Tennessee or Alabama, the state law to be applied draws a distinction between the scope of employment and the authority granted to an employee.  In applying Tennessee law, the Sixth Circuit noted that "[i]t is clear that under federal case law, an employee may engage in conduct that is not condoned by the employer — even in violation of the employer's policies — and still be within the scope of his or her employment." *Roberts v. United States*, 191 F. App'x 338, 343 (6th Cir. 2006).  The Alabama Supreme Court has similarly held an "employer will be liable for the torts of its employee committed while acting in the line and scope of his employment even though the . . . employer did not authorize or ratify such acts and even if it expressly forbade them."  *Crutcher v. Wendy's of North Alabama*, 857 So. 2d 82, 91 (Ala. 2003) (internal quotation marks and citations omitted).

## C.    Analysis

TVA submitted its certification that Ingram was acting within the scope of his employment.[13]  Thus, there is *prima facie* evidence that Ingram was acting within the scope of his employment, and the burden shifts to plaintiff to overcome the presumption thus created.  *Hill*, 842 F. Supp. at 1417.  Plaintiff has offered no evidence that Ingram was acting outside the scope of his employment, other than the

---

[13] Doc. no. 8-1.

letter stating that Ingram did not have "authority," discussed *infra*, at the end of this Part of the opinion.  Conversely, in the complaint, plaintiff explicitly pleaded that Ingram acted *within* the scope of his employment.  Specifically, plaintiff alleged that Ingram was TVA's "duly authorized agent and employee" when he negotiated with plaintiff on behalf of TVA.[14]  Plaintiff alleges that TVA promised to pay plaintiff "through Ingram."[15]  Most damningly, plaintiff alleges that "[a]t the time or times Ingram made the above-described promises, representations, warranties, and guarantees to [plaintiff], *Ingram was acting in the line, scope and authority of his employment* as an agent and employee of TVA."[16]

Rather than offering evidence that Ingram was acting outside the scope of his employment, plaintiff argues that by denying the allegations in the complaint, TVA has foreclosed itself the ability to certify that Ingram acted within the scope of his employment.[17]  This line of argument suffers from two flaws.  First, as noted above, the *Hill* test places the burden on plaintiff to produce *evidence* that the employee acted outside the scope of his employment.  *Hill*, 842 F. Supp. at 1417.  Merely arguing that TVA's pleadings are inconsistent is not evidence.  Second, plaintiff's

---

[14] Doc. no. 1 ¶¶ 9-10.

[15] *Id.* ¶ 13.

[16] *Id.* ¶ 16 (emphasis supplied).

[17] Doc. no. 12 ¶ 2.

argument that a denial of the material allegations is tantamount to a denial that the alleged acts, if they did occur, were within the scope of Ingram's employment, is a logical fallacy. There is no inherent contradiction in TVA's position that Ingram did not take the alleged actions, but that such alleged actions would fall within the scope of his employment.

The only evidence that plaintiff does offer is a letter in which a TVA executive writes that Ingram did not have the *authority* to make the alleged promises forming the basis of this action.[18] But authority is not equivalent to scope. *See, e.g., Roberts*, 191 F. App'x at 343, *Crutcher*, 857 So. 2d at 91. Plaintiff has failed to meet its burden in proving that Ingram's alleged actions occurred outside the scope of his employment. Therefore, TVA's motion to substitute is due to be granted, and Ingram is to be dismissed from the case.

### III.  OTHER MOTIONS

With Ingram's dismissal from the case, TVA is the lone remaining defendant. TVA is immune to claims for punitive damages. *See, e.g., Sierra Club v. TVA*, 430 F.3d 1337, 1357 (11th Cir. 2005); *Heathcott v. Potts*, 905 F.2d 367, 372 (11th Cir. 1990). Thus, pursuant to Rule 12(b)(6), TVA's motion to dismiss plaintiff's claim for punitive damages is due to be granted. Additionally, a plaintiff does not have the

---

[18] Doc. no. 12-1.

right to a jury trial in a suit against TVA.  *See, e.g., Mays v. TVA*, 699 F. Supp. 2d 991, 1033 (E.D. Tenn. 2010); *United Nuclear Corp. v. TVA*, No. 86 AR-5308-NW, Mem. Op. at 2-6 (N.D. Ala. July 31, 1987).  Therefore, pursuant to Rule 39(a)(2), TVA's motion to strike plaintiff's jury demand is also due to be granted.

## IV.  ORDERS

TVA's motion to substitute is GRANTED.  The claim against Ingram is DISMISSED with prejudice.  TVA's motion to dismiss plaintiff's claim for punitive damages is GRANTED.  TVA's motion to strike plaintiff's jury demand is GRANTED.

DONE and ORDERED this 28th day of September, 2011.

_____
United States District Judge